SELDEN *a.* CHRISTOPHERS.—CHRISTOPHERS *a.* SELDEN.

*Supreme Court, First District ; General Term, February,* 1855.
(*Original and cross actions.*)

LEAVE TO ANSWER ON TERMS.  THE TERMS SUBSEQUENTLY
MODIFIED.

A demurrer put in by an executor was overruled at special term, with costs, which were ordered to be paid out of the estate, leave being given to the executor to answer on payment of costs, within twenty days. The executor subsequently obtained from another judge at special term, an order allowing him to answer without present payment of costs. *Held,* on appeal from this latter order, that it should be affirmed.

---

Appeal from an order made at special term, modifying the terms on which, by a previous order, defendant was allowed to answer.

MITCHELL, J.—In the first action, Vermilya, the testator, had interposed a demurrer in his life-time; he then died, and the plaintiff amended his complaint and brought in the executors and devisees of Vermilya, as defendants; and to this amended complaint they put in a demurrer similar to that interposed by the testator. The demurrer was overruled on a hearing before Judge Roosevelt, on the 6th of October, with costs as against the executor, out of the estate, but without costs as against the infant defendant; and by the order Christophers was to pay the costs out of the funds of the estate and have leave to answer within twenty days, on payment of those costs. The executor and heirs then made a motion before Judge Morris, showing that the first action is on an award for a large sum of money, and the second is in the nature of a cross action to set aside the award, and that the executor can discover no present available property of the testator, from which to pay costs. Judge Morris allowed the executor and devisees to answer without the present payment of the costs, but ordered that those costs should be paid out of the estate when sufficient assets should come into the hands of the executor.

It is no objection to the order appealed from, that it was made before another judge than the one before whom the original order was made. Both orders are properly the acts of the same court,—the special term,—and not of the judges. As a matter of courtesy, the judge who heard the last motion, would have referred it to Judge Roosevelt, if he had been requested to do so, and the latter had had leisure to attend to it.

The last motion was not an attempt to review the first order, it was an application to extend the time of payment of costs on a new state of facts not before presented to the court. It was an exercise of power not much greater than that daily used in the extension of the time to answer, which could unquestionably have been allowed in this case, although the order as is usual, had prescribed twenty days as the time to

answer. The first order saved the executor from any personal liability for the costs, and made the costs expressly payable only out of the funds of the estate, and so was based on the assumption that there were funds of the estate sufficient to pay those costs ; and on this assumption it proceeded to give the defendant leave to answer on payment of these costs. Now it appears that that assumption was incorrect in fact, and the order appealed from merely carries out what the original order implies would have been the direction of the judge making it, if the facts now presented had been made known to him. It can hardly be doubted that on a motion to resettle his order with these facts before him, he would have corrected the order so as to conform to the last order.

Here the executor and the infants must abandon a defence to a claim for many thousand dollars, unless such relief be granted to them. Nor will this indulgence encourage protracted litigation. If after one failure of this kind, the executor commit another, it would be evidence that his defence was not conducted in that spirit which should entitle him to such indulgence again.

The order appealed from should be affirmed without costs.

---

CURTIS a. LEAVITT.—LEAVITT a. BLATCHFORD.

*Supreme Court, First District, General Term ; February,* 1855.

SPECIAL RECEIVERS.—THEIR RIGHT TO INSTRUCTIONS.—SECURITY
ON APPEAL.

A special receiver appointed in the course of an action, to take custody of a fund in suit, is an officer of the court, and as such is entitled to the instructions of the court when the question is, what is his duty under the orders made in the cause.

*It seems,* that a judgment directing the payment of money out of a fund in court, is not a judgment directing the payment of money, within the meaning of § 335 of the Code relating to the stay of execution on appeal.

Application to the court, by a special receiver, for instructions.

The facts on which the application was based, are stated in the opinion.